UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA

V.                                                                  Case No.: 5:24-cr-00123-001
                                                                    The Honorable Joseph R. Goodwin
JACOB AARON BOOTHE

SENTENCING MEMORANDUM OF
DEFENDANT JACOB AARON BOOTHE

    Now comes defendant, Jacob Aaron Boothe, by and through counsel, John J. Balenovich, Esq., and submits this memorandum for consideration by this Honorable Court for his upcoming sentencing, currently scheduled on June 9, 2025.  For the reasons set forth below, this Court has the discretion to sentence Mr. Boothe to probation, home confinement, or imprisonment.  This defendant is statutorily eligible for probation pursuant to 18 U.S.C. § 3561(c)(1).  Based on Mr. Boothe's behavior while on bond in this case and continued employment with the Town of Rupert, West Virginia, Mr. Boothe is a strong candidate for probation.  However, under the United States Sentencing Guidelines (hereinafter U.S.S.G.) provision §5B1.1, comment (n.2), Mr. Boothe is not eligible for probation.  Thus, any sentence of probation would be a downward variance from the USSG recommendations.  Suppose this Court chooses to follow the guideline provisions and sentence Mr. Boothe to prison. In that case, a sentence of twenty-four (24) months of imprisonment is sufficient, but not greater than necessary to comply with the stated goals of the United States Sentencing Commission.

    I.    Objections to Report

    Mr. Boothe has no objections to the report.  Mr. Boothe makes one correction to the report.  The Presentence Investigation Report (hereinafter referred to as "PIR") describes Mr.

Boothe's employment with the Town of Rupert as "a water operator in training for the town of Rupert, West Virginia." PIR, Paragraph 68. Mr. Boothe has since earned his DW Drinking Water Certification DW-1 and is a Class I water operator. Exhibit 1.

## II. GUIDELINE CALCULATION

Mr. Boothe does not object to the guideline calculation made by the probation officer. Mr. Boothe agrees that the statutorily authorized maximum sentence shall be the guideline sentence, which is 120 months. U.S.S.G. §5G1.1(a). PIR, Paragraph 79.

## III. Discussion of 18 U.S.C. § 3553(a) Sentencing Factors

As this Court is aware, the United States Code mandates the District Court "shall impose a sentence of the kind, and within the range, …unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). The sentencing of Mr. Boothe should be driven by the "overarching provision" of 18 U.S.C. § 3553(a), which instructs district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 89 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 56 (2007)).

Section 18 U.S.C. § 3553(a)(1) mandates that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). When examining the defendant for sentencing purposes, the Court must treat the sentencing guidelines as "effectively advisory" and consider them as just one of a number of sentencing factors the Court must take into account. *United States v. Booker,* 543 U.S. 220, 245 (2005). Finally, the district court has great discretion in fashioning a sentence that is

sufficient "but not greater than necessary," based upon an individual analysis of the sentencing factors concerning Mr. Boothe.  *See* 18 U.S.C. § 3553(a).

In determining an appropriate sentence, this Court is "to consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 113 (1996).  While the Sentencing Guidelines are considered the "starting point" for sentencing proceedings, district courts can consider a variety of factors outlined in 18 U.S.C. §3553(a) to craft a fair and reasonable sentence for each defendant individually. *Gall,* 552 U.S. at 49.

A downward variance is appropriate in this case for three reasons based on Mr. Boothe's individual 18 U.S.C. § 3553 factors.  The best argument for a downward departure from the guidelines in Mr. Boothe's case is the defendant's genuine remorse he displayed for his failure to act and intervene to stop the victim's death.   Second, a downward variance is justified in this case based on Mr. Boothe's employment history and his current position as a Class I drinking water operator for the Town of Rupert, West Virginia.  Finally, the third reason that justifies a downward variance in Mr. Boothe's case is his criminal history score of zero (0) and his criminal history category of I.  PIR, Paragraph 55.

### A.  Nature and Circumstances of the Offense

Defendant Boothe took responsibility for his criminal conduct in this case.  Mr. Boothe pleaded guilty to an information and met the expectations agreed to by both parties in the plea agreement.   Instead of putting on a defense that would have wasted government resources and not served the interests of justice or the truth, Mr. Boothe stepped forward and accepted responsibility for his actions.

B. History and Characteristics of the Defendant.

The primary mitigating factor warranting a downward variance in Mr. Boothe's sentencing is his role in the crime and his genuine remorse for his failure to protect the victim from the other guards who were physically assaulting him on March 1, 2022. Mr. Boothe is in a different situation from most of his co-defendants. Mr. Booth did not take part in the attacks on the victim. Mr. Booth willfully failed to intervene to protect the victim from being physically assaulted by other officers, despite having had the opportunity to do so.

Mr. Boothe took full responsibility for his actions and expressed profound remorse as he reflected on that tragic day. As explained in the PIR, he stated that he wished the incident had never occurred and acknowledged that it should not have happened. PIR, Paragraph 39. Mr. Boothe expressed the profound guilt and shame he felt for not defending the victim. This burden was intensified by his fear of retaliation from the other officers involved. *Id.*

Without minimizing the irreplaceable loss of the victim's life due to his inaction, Mr. Boothe candidly shared that he is haunted by regular nightmares replaying the events of that day. He expressed deep sorrow for the victim and his family and declared his readiness to face the consequences of his failure to act on that fateful day. *Id.*

The second most important factor that supports a downward variance in Mr. Boothe's case is his current employment and work history. Unlike many individuals on bond, Mr. Boothe has consistently maintained his job, progressing from an assistant water operator for the Town of Rupert, West Virginia,[1] to a certified Class I drinking water

---

[1] Rupert is a small town in Greenbrier County, West Virginia, United States. The population was 881 at the 2020 census. See "City and Town Population Totals: 2020–2021". *Census.gov*. US Census Bureau.

operator. Please refer to Exhibit 1 and Exhibit 2 for more details.

In a letter dated December 13, 2024, Mayor Stephen W. Baldwin of the Town of Rupert stated that Mr. Boothe is one of the town's most valued employees. See Exhibit 3. Mayor Baldwin recognizes Mr. Boothe as a significant asset to the town, highlighting his reliability and initiative during his time working for Rupert, West Virginia.

Mayor Baldwin emphasizes the significance of Mr. Boothe to Rupert, West Virginia, by addressing the critical shortage of certified water operators in the state. As Mayor Baldwin explained, the Town of Rupert and its water customers must retain the existing water operators. Mayor Baldwin requests that this Court impose a sentence on Mr. Boothe that would allow him to maintain his employment with the Town of Rupert. As Mayor Baldwin stated, if he is unable to continue working, both the Rupert Water Department and its customers would face serious challenges.

Mr. Boothe's lack of criminal history also justifies a downward variance in this case. Mr. Boothe is a first-time felon. Mr. Boothe's total criminal history score is zero, and he falls into the criminal history category of I. PIR, Paragraph 55. More specifically, he has had no run-ins with the law during his entire life. He has no juvenile adjudication, no adult criminal convictions, no other criminal conduct, no pending charges, and no other arrests. PIR, Paragraphs 52-58.

This is Mr. Boothe's first significant encounter with the criminal justice system, and he has been genuinely shocked by this experience. His record shows zero (0) criminal history points, indicating that he has spent most of his adult life without any involvement in criminal activities. Furthermore, his lack of a criminal history suggests that Mr. Boothe knows how to navigate society without engaging in unlawful behavior.

Mr. Boothe's tendency to adhere to societal and court rules is evident in his behavior while on bond in this case. He was released on a $10,000 unsecured bond on December 7, 2023. Throughout this period of approximately thirty months, Mr. Boothe has not committed any bond violations, failed any drug tests, and has consistently maintained employment.

When viewing Mr. Boothe's sentencing factors through the lens of the totality of the circumstances in this case, Mr. Boothe's individual characteristics could justify this Court making a downward variance at sentencing.

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense.

Defendant Boothe does not dispute that this offense is serious and does not attempt to shirk his responsibility. However, Mr. Boothe would suggest that in this instance a long period of incarceration is not necessary to promote respect for the law. Because of Defendant Boothe's unique personal history and characteristics, Mr. Boothe submits a sentence of probation or, alternatively, a sentence of twenty-four (24) months in prison promotes respect for the law and provides just punishment for the crimes he has committed.

### D. The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct

Defendant Boothe submits that a lengthy prison sentence is unnecessary in this instance to deter future criminal conduct. He argues that probation or a shorter prison sentence focused on rehabilitation would craft a fair and reasonable sentence considering the 18 U.S.C. §3553(a) factors, the ends of justice, and provide a deterrence for other criminal conduct.

Furthermore, Defendant Boothe argues that longer custodial sentences do not prevent reoffending nor reduce recidivism. Recidivism refers to a person's relapse into criminal behavior, often after the person receives sanctions or undergoes intervention

for a previous crime.[2] Longer prison sentences create difficulties for people re-entering society after prison because they reduce their ability to secure employment and housing.[3] Lengthy prison sentences also increase recidivism rates because a person leaving prison after a long sentence has an overall lack of financial security that negatively impacts one's ability to succeed after prison.[4]

## IV. Conclusion

As set forth above and considering the 18 U.S.C. §3553(a) factors, Mr. Boothe submits that a fair and reasonable sentence in his case is either a term of probation or, in the alternative, a twenty-four (24) month prison sentence. This Court has the option of choosing prison or probation in this case.

As an adult, Mr. Boothe has maintained steady employment for his adult life, combined with a lack of any serious criminal history, which demonstrates that he is someone who can continue to be a contributing member of society and is less likely to commit crimes in the future. A variance sentence of probation, with a term of home confinement, would adequately reflect the seriousness of Mr. Boothe's conduct and would serve to deter others in the community from following in his footsteps. A term of home confinement would allow Mr. Boothe to maintain his current water operator position, enabling him to support himself and continue supporting the people of the Town of Rupert.

Finally, Defendant Boothe is aware that any violation of the terms of his probation or home confinement sentence would result in his exposure to a term of imprisonment anywhere within the statutory sentencing range of one hundred twenty (120) months in federal prison.

---

[2] https://nij.ojp.gov/topics/corrections/recidivism
[3] https://docs.iza.org/dp14022.pdf
[4] *Id.*

The threat of imprisonment would be a significant deterrent to prevent Mr. Boothe from straying outside the terms imposed by this Court.

Considering the totality of the factors and circumstances in Mr. Boothe's case, a sentence to probation or a sentence of twenty-four (24) months in federal prison is sufficient, but not greater than necessary to comply with the stated goals of the United States Sentencing Commission.

Therefore, for the above reasons, Jacob Aaron Boothe requests that he be sentenced to an appropriate term of probation for this crime, or, in the alternative, that he be granted a downward variance and sentenced to a term of twenty-four (24) months in prison.

        JACOB AARON BOOTHE
        By Counsel,

        **/s/ John J. Balenovich**
        JOHN J. BALENOVICH, ESQ.
        WV Bar No. 10179
        John J. Balenovich Law Offices, LC
        1554 Kanawha Blvd., East Ste. 100
        Charleston, West Virginia 25311
        Telephone: (304) 541-0404
        Facsimile: (304) 407-7092
        E-mail: john@wvlitigator.com
        *Counsel for Jacob Aaron Boothe*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA

V.                                                    Case No.: 5:24-cr-00123-001
                                                      The Honorable Joseph R. Goodwin
JACOB AARON BOOTHE

## CERTIFICATE OF SERVICE

I, John J. Balenovich, Esq., hereby certify that on June 2, 2025, I filed a true and accurate copy of the attached **Sentencing Memorandum of Defendant Jacob Aaron Boothe** and **Certificate of Service** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Christine M. Siscaretti, Esq.
Assistant United States Attorney
Deputy Chief of Operations
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
Phone: (202) 598-9605
E-mail: christine.siscaretti@usdoj.gov

Respectfully Submitted,

**/s/ John J. Balenovich**
JOHN J. BALENOVICH, ESQ.
West Virginia Bar No.: 10179
John J. Balenovich Law Offices, LC
1554 Kanawha Blvd., East Ste. 100
Charleston, West Virginia 25311
Telephone: (304) 541-0404
Facsimile: (304) 407-7092
E-mail: john@wvlitigator.com
*Counsel for Jacob Aaron Boothe*